JAMES P. DURKIN *vs.* PERSONNEL BOARD OF THE CITY OF PAWTUCKET.

AUGUST 1, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

354

O'CONNELL, J. This is a petition for a writ of certiorari to review and quash the decision of the respondent board sustaining the action of the personnel director in summarily dismissing the petitioner as an employee of the city of Pawtucket. Pursuant to the writ the pertinent records have been certified to this court.

It appears therefrom that petitioner started his employment with the city on March 16, 1933; that with the exception of a period of about three years during which he was employed at the Walsh-Kaiser Company shipyard, he worked almost continuously for the city until his dismissal on April 29, 1954; and that at such time he was supervisor of sanitary land fill and rubbish collection. The record further shows that he was dismissed by the personnel director without any statement of charges against him, either oral or written.

The personnel director testified that he had discussed petitioner's "firing" with "Practically the whole administration"; that he had dismissed petitioner by virtue of the provisions of article VII, sec. 7-104, paragraph (4), of the charter of the city of Pawtucket; and that the new charter became effective on January 19, 1954. Counsel for the parties agreed at the hearing before the respondent board that petitioner is within the category of temporary employees under the personnel section as defined by the charter.

The sole issue before us therefore is whether the personnel director is authorized by the charter to dismiss, *without cause,* a temporary employee such as petitioner. There is also the subsidiary question as to whether the personnel board actually decided that issue on the appeal by petitioner from the personnel director's decision.

Although the personnel director testified that he dismissed petitioner under the provisions of art. VII, sec. 7-104, par. (4), of the charter, counsel for the respondent board concedes that such section does not state whether or not temporary employees must be dismissed for or without cause. Nor does sec. 10-404 relating to temporary employees make any provision in that regard. To determine that question, therefore, we must look to the purpose of the charter itself and find therefrom the intent of the citizens of Pawtucket in voting for its adoption.

The purpose in establishing the personnel system is clearly set forth in art. VII, sec. 7-100, of the charter which reads as follows:

> "In order to establish a system of personnel administration based on merit principles and standardized methods governing the appointment, promotion, demotion, transfer, lay-off, removal and discipline of its employees, and other incidents of city employment, a merit employment system, herein designated as the personnel system, is hereby established. It shall be administered under the supervision of a personnel di-

rector, who is hereby designated the head of the personnel division of the department of finance."

Section 7-101 reads as follows:

"Appointment, promotion, suspension and dismissal of employees shall be made by the heads of the respective departments, and the respective boards and commissions. All appointments and promotions to positions in the personnel system shall be made in accordance with the personnel system regulations, and any dismissal or demotion after the completion of the required probationary period of service, or suspension from service, *shall be for cause* and in accordance with the provisions of this charter." (italics ours)

It is clear from these provisions that the citizens of Pawtucket adopted the charter for the purpose of establishing an orderly and efficient administration of the affairs of their city; and that they had in mind the creation of a merit system to secure the hiring and retention of efficient city employees.

In the absence of a contrary provision, which we do not find, it would be manifestly unjust to construe the charter so that temporary employees should automatically lose their positions upon its adoption or that they might be dismissed at the arbitrary will of their employing officer or other city official. Such a construction and action would defeat the very purpose of the charter and deprive the city of qualified and faithful employees by such dismissals for purely political reasons. In our opinion the charter intended that dismissals of temporary employees, pending their qualification as permanent employees, should only be for cause, the reasons therefor being clearly set out so that the dismissed employee should have an opportunity to defend against them. Otherwise the most competent and conscientious employees who had been made temporary by the charter might be summarily dismissed merely to make room for other appointees who might have far less qualifications than those who were displaced. In such event temporary em-

ployees would be wholly prevented from ever having an opportunity to qualify for permanent appointment to their positions, which opportunity the charter obviously intended to grant them.

On August 5, 1954 the respondent board affirmed the action of the personnel director in dismissing petitioner and rendered the following decision:

"August 5, 1954

James P. Durkin—Appeal Before Personnel Board

This is a matter resulting through an appeal of James P. Durkin in relation to his discharge as an employee of the City of Pawtucket by James Kenney, Personnel Director.

The Board has held several hearings and has reviewed all the testimony presented. The Board also has reviewed the briefs and exhibits presented by counsel. The Board finds it difficult to reconcile the testimony of Mr. Durkin with the classification questionnaire submitted and signed by him. The Board finds that there were ambiguous and contradictory statements between Mr. Durkin's testimony and his signed questionnaire. In view of all the evidence and testimony presented, the Board unanimously sustains the action of James Kenney, Personnel Director and denies the appeal of James P. Durkin.

[signed]  George E. Farragut
[signed]  Howard H. Rex
[signed]  Oscar E. Cote
[signed]  Americo Buzzerio
[signed]  Ovide J. Rousseau"

Although the board made certain findings of fact, it did not decide the question actually before it, namely, whether the personnel director had authority to dismiss petitioner summarily and without a hearing. It proceeded on the theory that petitioner was before it on appeal on a charge or charges of inefficiency, dereliction of duty, or other con-

duct which was a *cause* for dismissal under the terms of the charter. But no such charges were made against petitioner at the time of his dismissal and he was not apprised of them before his dismissal by the personnel director. He learned of such grounds for the first time at the hearing before the respondent board. Such hearing therefore was not properly an appeal from the decision of the personnel director dismissing him on such charges. On the contrary it was an original hearing before the board to determine whether petitioner had been guilty of such conduct as would have permitted the personnel director to discharge him *if he had found such charges to be true.* No charge or finding had ever been made by the personnel director, who dismissed petitioner summarily, *without charges or hearing,* and purely for political reasons.

In these circumstances it is our opinion that the decision of the respondent board approving the dismissal of petitioner is erroneous in law; that therefore the petitioner was illegally discharged; and that he is entitled to be restored to his position and to receive the salary thereof from the date of his dismissal, less the amount of any and all compensation which he has received after that date from any other employment pending the outcome of the instant proceedings.

The petition for certiorari is granted, the pertinent decision and records of the respondent board are quashed, and the papers certified to this court are ordered sent back to the respondent board with our decision endorsed thereon.

On Motion for Reargument.

AUGUST 8, 1955.

Per Curiam. After our decision in the above case the respondent board asked and received permission to file a motion for reargument for the purpose of clarifying a portion of our opinion.

The motion points out that we held therein that petitioner is entitled to be restored to his former position; that since the case was argued a bona fide general reorganization pursuant to the provisions of the charter has been prepared and has become effective as to petitioner on April 12, 1955; that such reorganization makes no provision for the position formerly occupied by petitioner; and that consequently it is impossible for the respondent board to comply with the law stated by restoring him to his former position.

However, the board concedes that in accordance with the opinion petitioner is entitled to receive and the city of Pawtucket is ready to pay him the wages of his former position from the date of his dismissal to the date when the duties thereof were taken over and performed by the superintendent of the division of sewers and sanitation under the reorganization.

Counsel for petitioner admits that such reorganization has in fact taken place as alleged, and that this fact of course could not have been known to the parties or to the court at the time the case was argued. However, he desires to reserve whatever rights petitioner may have under the charter for any reason as applied to the period after the effective date of such reorganization.

In the circumstances it is our judgment that our opinion should be clarified so that the next to the last paragraph will read as follows: "In these circumstances it is our opinion that the decision of the respondent board approving the dismissal of petitioner is erroneous in law; that therefore the petitioner was illegally discharged; and that he is entitled to be restored to the emoluments of his position from the date of his dismissal to the date when the duties thereof were taken over and performed by the superintendent of the division of sewers and sanitation pursuant to the reorganization under the charter, less the amount of any and all compensation which he has received during that period

360

from any other employment pending the outcome of the instant proceedings."

Any other question of law or fact relating to his status subsequent to the effective date of such reorganization is not properly before us on the record in this case. Apart from the proposed clarification, we find no reason for granting a reargument. Consequently the opinion is clarified as above set forth and otherwise it is affirmed.

The motion is accordingly denied.

*John F. McBurney,* for petitioner.

*John A. O'Neill, City Solicitor, Harvey J. Ryan, Ass't City Solicitor,* for respondent.